T. V. GORDON v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 20 December, 1922.)

**Employer and Employee—Master and Servant—Carriers of Freight—Railroads—Negligence—Federal Employers' Liability Act—Automatic Couplings—Federal Safe Appliance Act—Contributory Negligence—Assumption of Risks—Instructions.**

The plaintiff was employed in interstate commerce as head brakeman by the defendant railroad company with the duty to set all through switches and to couple and uncouple cars, and while performing this duty he was struck and injured while cutting off a car coupled to the train

with an improper automatic coupler used in violation of the Federal statute known as the "Safety Appliance Act," by his striking a car that had been placed on the "house track" under his supervision, with conflicting evidence as to whether this car had been placed in the "clear," and the conductor so informed: *Held*, in an action brought under the Federal Employers' Liability Act, the refusal of a requested instruction by the defendant that the injury would be due to the plaintiff's contributory negligence if it was caused by the close proximity of the car on the house track under the circumstances was not erroneous; and an instruction of the court that the defendant would be answerable if the violation of the Federal statute contributed to the injury was proper, both upon the issues of contributory negligence and assumption of risks.

APPEAL by defendant from *Devin, J.,* at June Term, 1922, of WAKE.

This action was brought under the Federal Employers' Liability Act for an injury suffered by the plaintiff while in the defendant's employ. The plaintiff was head brakeman on one of the defendant's freight trains at the time of his injury. He thus describes the duties of his employment: "The nature of the service that I was performing for the Norfolk Southern while acting as head brakeman was to set all through switches and to couple and uncouple cars, and that was the duty I was performing in the Charlotte yard on this 7 June. . . . I did not have anything to do with the application of the brakes on that car. That was no part of my duties. The rear brakeman is the man that does that."

As grounds for recovery, the plaintiff alleged in substance that he was injured by the negligent, unlawful, and wrongful conduct of the defendant in that:

(*a*) The car that he was attempting to uncouple was being hauled and used in violation of the Safety Appliance Act in that it would not uncouple without the necessity of the plaintiff going between the cars of the train and using his hands to remove the pin.

(*b*) The coupler was old, worn, defective, and insufficient, and would not uncouple in the usual way, and required the plaintiff to assume a position on the stirrup of the car to lift the pin.

(*c*) The defendant ordered the plaintiff to uncouple said defective car.

(*d*) Its failure to furnish a reasonably safe place to work and reasonably safe appliances.

(*e*) It failed to bring the car to a stop when he notified the defendant of the defective condition.

(*f*) It allowed a free car to run upon an adjacent track in close and dangerous proximity to the track on which the plaintiff was engaged in the performance of his duty.

(*g*) It failed to notify the plaintiff of the defective condition of its coupler and the close proximity of said car upon the adjacent track.

35—184

(*h*) It failed to properly apply and maintain brakes upon said car located on said adjacent track.

(*i*) It failed to maintain its car at a safe distance from said track.

The defendant denied its own negligence; pleaded contributory negligence on the part of the plaintiff; that he had assumed the risk; and that a violation of the Federal Safety Appliance Act did not contribute to the plaintiff's injury. The jury found on all four of these issues in favor of the plaintiff, and assessed his damages. From the verdict and judgment thereon the defendant appealed.

*Douglass & Douglass and Pou, Bailey & Pou for plaintiff.*
*R. N. Simms for defendant.*

CLARK, C. J. The case was tried with ability on both sides in the court below, and the contentions were clearly presented in the argument here. There were numerous exceptions, but there are two only that we think require discussion by us. The defendant's brief, in presenting his exceptions for refusing to give prayers requested, said: "Certainly the instruction covered by the 45th exception should have been given, 'If the jury shall find from the evidence, and by the greater weight thereof, that the car which the plaintiff cut off, and stated to the Conductor Jones, was in the clear on the team track, did not move from the place where it was located, when plaintiff so cut it off and so declared it in the clear between that time and the time when the plaintiff struck said car, then the jury should answer the first issue "No." ' "

He also contended, under exception 47, that it was error to refuse the following prayer: "If the jury shall find from the evidence that the plaintiff placed the car in the house track and left the same in such close proximity to the team track that in riding the car into the team track the plaintiff was struck and injured, then this injury would be due to the plaintiff's own negligence, and the jury should answer the first issue 'No.' "

We think that the court not only gave said instruction in substance, but was more favorable to the defendant than his prayer. He charged: "If the jury shall find from the evidence that the plaintiff was brakeman in charge of the placing of cars, and was directed to place one car in the house track, and after this car had been placed the conductor inquired of the plaintiff if the car was in the clear of the team track, and the plaintiff thereupon investigated and reported such car clear, and then the plaintiff, while attempting to place a car in the team track was struck by the car formerly placed by him in the house track because the same was not clear, or for any other reason not due to the negligence of the defendant, then the defendant would not be liable for the injury that

the plaintiff sustained, and the jury would answer the first issue 'No.' "
This instruction went beyond the prayer, for it not only exempted the
defendant from liability if the plaintiff had been negligent in the matter
referred to, but it also exempted the defendant if the plaintiff was
struck by the other car on account of "any other reason not due to the
negligence of the defendant."

The defendant also excepted because the court after having instructed
the jury by reading from the 176 N. C. Reports said: "The fourth
issue is addressed to this question whether or not the defendant, the
railroad company, violated the Federal statute known as the Safety
Appliance Act; and if it did violate that law, then whether that viola-
tion contributed to the plaintiff's injury. These are the questions raised
in that issue. Whether it violated the law about using a car without
proper couplers, automatic, those that would couple automatically by
impact and those that would couple without a person having to go
between the cars to do so. If you find by the greater weight of the
evidence that the defendant violated the law, and that violation of the
law contributed to the plaintiff's injury, then you would answer that
issue 'Yes.' Otherwise, 'No.' " And the defendant excepted. But we
think it is an almost *verbatim* quotation from the Federal Employers'
Liability Act, which provides, in section 2: "No such employee who
may be injured or killed shall be held to have been guilty of contribu-
tory negligence in any case where the violation by such common carrier
of any statute enacted for the safety of employees *contributed* to the
injury or death of such employee." Section 4: "Such employee shall
not be held to have assumed the risks of his employment in any case
where the violation by such common carrier of any statute enacted for
the safety of employees *contributed* to the injury or death of such
employee."

Upon consideration of the whole case, and of the exceptions, we find
No error.